145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlito Deypalan JIMENA; Maria Donna Sarabia Jimena, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70642.
INS Nos. Abl-qxg-liw, Ama-rsu-ujj.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carlito Deypalan Jimena and Maria Donna Sarabia Jimena ("the Jimenas"), natives and citizens of the Philippines, petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's denial of their application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition for review.
 
 
 3
 We review for substantial evidence the BIA's factual findings regarding statutory eligibility, and will not reverse unless the evidence compels a contrary result. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997).
 
 
 4
 The Jimenas contend that they established past persecution or a well-founded fear of future persecution on account of imputed political opinion. We disagree.
 
 
 5
 The Jimenas failed to present any evidence that the New People's Army ("NPA") imputed any political opinion to them. See id. at 1489-90. Substantial evidence supports the BIA's determination that the NPA was motivated by the Jimenas' financial status and not by any political opinion they imputed to the Jimenas. See id.
 
 
 6
 Because the Jimenas failed to demonstrate eligibility for asylum, they necessarily failed to satisfy the higher standard required for withholding of deportation. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellants' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a(a). See IIRIRA § 309(c)(1)